NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| AMRAT SINGH; P. K.; TANUDEEP KAUR, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-411 <br><br> Agency Nos. <br> A240-857-749 <br> A240-857-708 <br> A240-857-725 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2026[**]
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Amrat Singh (Singh), his wife Tanudeep Kaur (Kaur), and their minor child,

P.K. petition for review of a Board of Immigration Appeals (BIA) decision

dismissing their appeal of an Immigration Judge's (IJ) order denying their

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

"We review the agency's factual findings, including credibility determinations, for substantial evidence. . . ." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (citation omitted). "We examine the reasons explicitly identified by the BIA and the reasoning articulated in the IJ's oral decision in support of those reasons. . . ." *Uc Encarnacion v. Bondi*, 156 F.4th 927, 935 (9th Cir. 2025) (citation and internal quotation marks omitted).

**1.** Substantial evidence supports the agency's adverse credibility determination. Singh testified that he was attacked on April 13, 2020, when six men from an opposing political party came inside his home through an open door. However, Kaur and Singh's father, Baldev Singh (Baldev) both testified that the attack occurred "outside" or "outside, in the street." Asked to resolve this inconsistency, Baldev suggested that Singh "might know it better. I don't know," and Singh suggested that Baldev is "old" so "[m]aybe he forgot." And, although all three witnesses testified that the village doctor came to Singh's home after the attack, the medical records state that the doctor treated Singh "in my hospital." Finally, Singh testified that he first left India in May 2020, but his brother-in-law's declaration stated that Singh "left India in June 2018," while Singh and Kaur's 2018 marriage certificate listed a foreign address for Singh in Barcelona, Spain.

Inconsistency of a witness's testimony both internally and when compared to documents and other testimony may support an adverse credibility determination. *See Dong*, 50 F.4th at 1297; *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). The inconsistencies around the attack at Singh's home are particularly pertinent because political attacks form the basis of Singh's claim of persecution. *See Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

Singh also testified that he visited the home of a Mann Party leader the day of the April 13, 2020, attack to inform her of the event, despite failing to mention this detail in his declaration. Kaur and Baldev testified that they had no knowledge of this visit. This omission is material because it embellishes the facts underlying Singh's persecution claim. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011); *see also Ruiz-Colmenares v. Garland*, 25 F.4th 742, 750 (9th Cir. 2022) ("This type of evolving story is precisely what one would expect if a petitioner is fabricating or embellishing past harms, so it is eminently reasonable that the IJ would conclude these changes reflected poorly on Petitioner's credibility.") (citation omitted).

Under the totality of the circumstances, the inconsistencies and omissions in Singh's evidence constitute substantial evidence to support the adverse credibility

25-411

determination. *See Shrestha*, 590 F.3d at 1046-47. The adverse credibility determination is fatal to Singh's asylum and withholding of removal claims. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892-93 (9th Cir. 2020).

**2.** Singh did not challenge in his Opening Brief the agency's determination that the country conditions evidence alone fails to establish a likelihood of torture. Thus, any challenge to the denial of CAT relief is forfeited. *See Singh v. Bondi*, 161 F.4th 560, 565 n.1 (9th Cir. 2025).

**PETITION DENIED.**[1]

---

[1] The motion for stay of removal (Dkt. # 2) is denied.